IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Robinson, | C/A No. 1:09-1757-HFF-SVH |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Bernard McKie, Warden, | |
| Respondent. | |

James Robinson ("Robinson"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (Docket Entry 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 20.) Robinson filed a response in opposition. (Docket Entry 22). Having carefully considered the parties' submissions and the record in this case, the court finds that Robinson's Petition is untimely.

**BACKGROUND**

Robinson was indicted in Saluda County in January 1997 for murder (98-GS-41-0039), and in September 1997 for three counts of pointing a firearm (97-GS-41-0040, -0325, & -0326) and possession of a firearm during commission of a violent crime (97-GS-41-0323). (App. at 510-19; Docket Entry 19-1 at 514-23.) Robinson was represented by

Thomas H. Broadwater, Jr., Esquire, and on June 15-16, 1998, was tried by a jury and found guilty as charged. (App. at 285, Docket Entry 19-1 at 287.) The circuit court sentenced Robinson to 30 years' imprisonment for murder and five years' imprisonment for each of the four additional charges, all sentences to be served concurrently. (App. at 295, Docket Entry 19-1 at 297.) Robinson did not file a direct appeal.

On November 13, 1998, Robinson filed a *pro se* application for post-conviction relief ("1998 PCR Action"). (See Robinson v. State of South Carolina, 98-CP-41-0161; App. at 297-303, Docket Entry 19-1 at 299-305.) The State filed a return. (App. at 316-19, Docket Entry 19-1 at 318-21.) Robinson, through appointed counsel Wayne Floyd, Esquire, twice amended his PCR application to assert additional grounds. (App. at 304-15, Docket Entry 19-1 at 306-17.) On November 14, 2000, the PCR court held an evidentiary hearing at which Robinson appeared, still represented by Wayne Floyd, Esquire. (App. at 320-484, Docket Entry 19-1 at 322-486.) The PCR judge orally denied relief and issued an order of dismissal dated March 6, 2001. (App. at 481-82, 485-507; Docket Entry 19-1 at 483-84, 487-511.) The PCR judge ruled specifically that Robinson had knowingly and voluntarily waived his right to a direct appeal. (App. at 481-82, 503-04; Docket Entry 19-1 at 483-84, 507-08.)

In his PCR appeal, Robinson was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a petition for a writ of certiorari on February 6, 2002. (Docket Entry 19-2.) Additionally, counsel for Robinson filed an Anders[1] brief pursuant to White v. State.[2] (Docket Entry 19-3.) The State

---

[1]Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious

filed returns to both. (Docket Entries 19-4 & 19-5.) In a letter order dated May 30, 2002, the South Carolina Supreme Court denied Robinson's petition for a writ of certiorari. (Docket Entry 19-6.) Following denial of rehearing, the remittitur was issued July 10, 2002. (Docket Entry 19-8.)

After the dismissal of his 1998 PCR Action, Robinson filed a *pro se* petition for a writ of habeas corpus with the Richland County Court of Common Pleas on December 3, 2002. (Docket Entry 19-9.) The State filed a return. (Docket Entry 19-10.) On March 4, 2005, the state court issued an order summarily dismissing the petition, in part based on its finding that Robinson was barred from bringing a writ of habeas corpus in the state circuit court. (Docket Entry 19-12.) Robinson filed a *pro se* notice of appeal. (Docket Entry 19-13.) Subsequently, Robinson filed a motion to stay his appeal in order to file a new PCR application based on newly discovered evidence. (Docket Entry 19-15.) The South Carolina Court of Appeals denied Robinson's motion to stay by letter order dated April 26, 2005. (Docket Entry 19-16.) Due to Robinson's failure to comply with South Carolina Appellate Court Rules 207, 208, and 209, the court dismissed his appeal on June 24, 2005. (Docket Entry 19-17.) The remittitur was issued July 27, 2005. (Docket Entry 19-19.)

---

examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2]White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).

Robinson filed a second PCR application on March 24, 2005 ("2005 PCR Action"). (See Robinson v. State of South Carolina, 05-CP-41-48, Docket Entry 19-14.) The State filed a return and motion to dismiss on July 20, 2005. (Docket Entry 19-18.) Robinson filed a "Return in Opposition to Respondent's Return and Motion to Dismiss" dated July 26, 2005. (Docket Entry 19-20.) On January 17, 2007, the PCR court held an evidentiary hearing at which Robinson was represented by Barry L. Thompson, II, Esquire. On March 1, 2007, the court dismissed Robinson's 2005 PCR application as successive and untimely. (Docket Entry 19-22.)

Robinson appealed the dismissal and was represented by Kathrine H. Hudgins, Esquire, Appellate Defender of the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition for a writ of certiorari and a petition to be relieved as counsel on January 22, 2008. (Docket Entry 19-23.) On April 24, 2009, the South Carolina Court of Appeals denied certiorari. (Docket Entry 19-24.) The remittitur was issued on May 14, 2009. (Docket Entry 19-25.) Robinson filed the instant Petition for a writ of habeas corpus on or around June 29, 2009.[4] (Docket Entry 1.)

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

[4] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison. Therefore, this date reflects the date that the envelope was postmarked. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

# DISCUSSION

## A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint

filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Robinson's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Robinson's conviction became final ten days after June 16, 1998, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Accordingly, the limitations period began to run on June 27, 1998 and expired on June 28, 1999,[5] unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year

---

[5]June 26, 1999 was a Saturday; therefore, Robinson had until the following Monday, June 28, 1999, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(1)(C); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Robinson filed his first state PCR application on November 13, 1998. At that point, 140 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until July 10, 2002, when the South Carolina Supreme Court issued the remittitur from its order denying Robinson's certiorari petition. At this time, Robinson had 225 days of statutory time remaining, which means that Robinson had until February 20, 2003 to file a timely federal habeas corpus petition.

Robinson filed a petition for a writ of habeas corpus with the Court of Common Pleas in Richland County on December 3, 2002. This petition, however, was not properly filed pursuant to 28 U.S.C. § 2244(d)(2). In South Carolina, the Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 et seq., severely limits the availability of habeas corpus. Pursuant to the state constitution, the South Carolina Supreme Court retains its power to grant a writ of habeas corpus in its original jurisdiction, but this remedy is available only under the most extraordinary circumstances. Simpson v. State, 495 S.E.2d 429, 431 n.4 (S.C. 1998). An issue which is cognizable under the Uniform Post Conviction Procedure Act "may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts." Id. at 431.

The state judge summarily dismissed Robinson's petition for a writ of habeas corpus based on its conclusion that it was filed in the improper court, finding "that the Applicant is

barred from bringing a writ for habeas corpus in the circuit court." (Docket Entry 19-12 at 2.) In interpreting the limitations provision for filing a federal habeas petition, the United States Supreme Court has explained:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). Robinson failed to file his petition for a writ of habeas corpus in the proper court. Thus, this petition was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2) and did not toll Robinson's federal statute of limitations period. See Benjamin v. Padula, C/A No. 8:07-4019-TLW-BHH, 2009 WL 73809, 2 (D.S.C. Jan. 7, 2009) (unpublished) (reaching the same conclusion under similar circumstances).

Although Robinson filed a second PCR application on March 24, 2005, this application was filed over two years (763 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Robinson's 2005 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Moreover, even if the limitations period had not already expired, Robinson's 2005 PCR application would not toll the statute of limitations because the PCR court dismissed it as successive and time barred. Pace v. Diguglielmo, 544 U.S. 408 (2005)

(holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Robinson's federal petition was filed on or around June 29, 2009. Accordingly, Robinson filed his federal habeas petition well after the one-year statutory limitations period expired on February 20, 2003 pursuant to § 2244(d)(1)(A).

**C.    Robinson's Arguments**

Robinson presents two arguments which, liberally construed, appear to assert that he is entitled to equitable tolling. First, Robinson argues that the federal statute of limitations should not be applied to him because his trial counsel was ineffective for failing to file a direct appeal. Second, Robinson appears to argue that he is entitled to equitable tolling because he mistakenly filed his state habeas petition in the wrong court. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Robinson must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, __ S. Ct. __, 2010 WL 2346549 (June 14, 2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation

period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Robinson's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See Holland v. Florida, __ S. Ct. __, 2010 WL 2346549 (June 14, 2010) (holding that although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, a " 'garden variety claim' of attorney negligence" does not warrant tolling); United States v. Sosa, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

## RECOMMENDATION

Robinson's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted.

IT IS SO RECOMMENDED.

July 19, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**