

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

JAMES ROBINSON,                        §
          Petitioner,                  §
                                    §
vs.                                    §    CIVIL ACTION NO. 1:09-1757-HFF-SVH
                                    §
BERNARD MCKIE, Warden,                 §
               Respondent.               §

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 22, 2010, and the Clerk of Court entered Petitioner's objections to the Report on August 6, 2010.

In the Report, the Magistrate Judge concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). The Magistrate Judge also considered and rejected Petitioner's argument that he is entitled to equitable tolling.

In his Objections, Petitioner fails to challenge the Magistrate Judge's calculation of time for purposes of the statute of limitations. Instead, he focuses on the Magistrate Judge's conclusion that he has failed to establish the right to equitable tolling.

First, Petitioner contends that his petition should be equitably tolled because his trial counsel rendered ineffective assistance in failing to file a direct appeal. For the reasons discussed on pages nine and ten of the Report, this argument is without merit.

Second, Petitioner contends that the Court's failure to apply equitable tolling will result in a violation of due process. Construed liberally, he contends that his case has not been adjudicated (presumably because he was not afforded a direct appeal), and, related to this issue, he contends that he has been denied access to the courts. As discussed in the Report, Petitioner was convicted by a jury and afforded a full round of post-conviction relief in state court. Thus, his contention that his case was never adjudicated and that he has been denied access to the courts is meritless.

Third, construed liberally, Petitioner challenges the constitutionality of the one-year statute of limitations, contending that it "is repugnant to the United States Constitution and the rudiments of Fundamental Justice and Fair Play as required by the Due Process clause . . . ." (Pet'r's Objections 3.) Petitioner's argument might warrant closer examination were it not for the fact that equitable tolling applies to the statute of limitations. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (applying equitable tolling after noting that eleven circuit courts of appeal, including the Fourth Circuit, apply the doctrine). As the *Holland* Court pointed out, applying the doctrine of

equitable tolling will generally "relieve hardships" and "particular injustices" that a rigid application of the statute of limitations might produce. *Id.* at 2563. In short, Petitioner's conclusory challenge to the constitutionality of § 2244(d) fails.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 11th day of August, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.